23829. MOORMAN et al. v. BRUMBY et al.

DUCKWORTH, Chief Justice. The plaintiffs in the lower court brought separate actions against different defendants to recover land and asking for rents and profits. The petitions, as amended, allege that the plaintiffs had title to the land, the defendants had refused to deliver possession upon demand, or to pay such profits from the land to them and ousted them from the land thereby causing them irreparable harm, being a continuous trespass against them; and that an injunction was necessary to prevent waste of profits, further trespasses and to avoid a multiplicity of suits. The defendants denied tenancy but allege their rights and claims to the land. The cases proceeded to trial, and the lower court directed the verdict against the defendants. Following the denial of a motion for new trial, appellants appealed assigning error upon this ruling and also enumerating a number of grounds of error in the refusal to allow certain evidence. During the trial and under the pleadings and after certain evidence was shown, an issue developed as to whether or not the defendants would be allowed to dispute the plaintiffs' claim that the defendants were tenants under certain leases describing certain property, the defendants denying that a tenancy relationship had or did exist between the plaintiffs and the defendants or their predecessors in title to this disputed land. Admittedly, one of the defendants

purchased his property from another defendant who is claimed to be and had been the tenant of the petitioners. This defendant and the petitioners are the owners of adjoining farmlands in which there is an apparent overlap of their south and north boundary. Thus if the lease by the defendant of plaintiffs' land describes the property which he contends he already owned, is he now estopped to contest the ownership by the landlord? The court decided this issue in favor of the plaintiffs by directing the verdict, but the jury returned no rents or profits. *Held:*

There is no doubt of the landlord-tenant relationship for a number of years as to the property sought to be recovered. The sole question is, can the tenant now claim approximately 13 acres, by adverse possession or otherwise, admittedly within the bounds of the tract? When it is recognized, as this volumnious record demands, that the lands in dispute are contained in the description of the leases which the defendants or their predecessor in title had been leasing from the plaintiffs who show title thereto, it becomes indisputable that the defendants, as such tenants, are prohibited by *Code* §§ 38-114 and 61-107 to dispute, while tenants in possession, the landlords' title. There can be no doubt that the defendants were in possession of the property during the lease, hence, if they retain possession after the termination without returning it to the landlord, they are holding over against him. The lower court did not err in directing the verdict. This entire appeal embracing appellants' 18 enumerations of error reduces to the simple words "without merit."

*Judgment affirmed. All the Justices concur.*

Argued December 13, 1966—Decided January 5, 1967—
Rehearing denied January 19, 1967.

*John S. Sims, Jr.,* for appellants.
*Seymour S. Owens, R. R. Buckley,* for appellees.